■  In the Matter of DEMETRIOS VOTSIS et al., Petitioners, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously modified, on the facts, and as modified confirmed, without costs. Memorandum: The authority by a vote of three to one canceled petitioners' beer license and disapproved their application for renewal of the license upon its findings that petitioners violated section 65 of the Alcoholic Beverage Control Law in that they sold or delivered beer to minors, that they violated subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that they permitted the licensed premises to become disorderly, and that the conduct of an employee which led to his conviction of rape, third degree, was of such a nature as to warrant the authority in its discretion to deny the issuance or renewal of a license (9 NYCRR 53.1[n]). Such a severe penalty was not justified on the facts in the record before us. Petitioners operated a restaurant which was licensed for the sale of beer. The duties of an employee, who had no ownership interest in the premises, included the closing of the restaurant and the cleaning of it thereafter. On two occasions after closing the business for the night the employee returned with a girl, under the age of 16, took the girl into a small office at the rear of the premises, gave her a bottle of beer and had sexual intercourse with her. Petitioners had no knowledge of their employee's conduct. On the first occasion when petitioners learned that the employee had taken a girl into the office, but had no knowledge of what occurred in the office, they locked the office door. On the second occasion the employee forced open the office door by breaking the lock. The only other suggestion that petitioners knew of the employee's conduct was brought out in the cross-examination of one of the owners when he was asked if he knew that his co-owner had testified in a different proceeding that he knew that the employee, after the restaurant was closed for the night, had sexual relations in the office with a waitress. The petitioner so questioned denied that he had such knowledge. No record of the other proceedings was presented by the authority. All of the alleged violations occurred late at night after the restaurant had been closed and were therefore unknown to patrons of the business or the public generally. Even if petitioners should have taken more affirmative action other than the locking of the office after the first occurrence, the failure to do so did not merit the cancellation of their license. The

imposition of this punishment "is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" (*Matter of Stolz* v. *Board of Regents of the Univ. of State of N. Y.*, 4 A D 2d 361, 364). Under all the circumstances the penalty was harsh, severe and excessive and the determination is modified by reducing the cancellation to a suspension of the license for a period of 30 days. (Review of determination canceling beer license, transferred by order of Monroe Special Term.) Present — Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.